IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MIREYA GARCIA on her own behalf and
on behalf of all others similarly situated,

 Plaintiff,

v.

ELAN GROUP, LLC,
KRIS WALLENTA and
JASON WALLENTA

 Defendants.

_____

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed as hourly employees by Defendants to work long hours for low wages in Defendants' Dos Santos restaurant in Denver.

2. Defendants refused to pay their employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1(4).

5. Defendants violated the MWO because that Order requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

6. Defendants also violated the Colorado Wage Claim Act (the "CWCA") C.R.S. § 8-4-101 *et seq.* because that Act requires employers to pay their employees all their earned, vested and determinable wages upon the termination of employment. The CWCA imposes penalties on employers who fail to pay all wages due within 14 days of an employee's written demand for wages.

7. Plaintiff seeks compensation for Defendants' violations of the FLSA on her own behalf and on behalf of all other similarly-situated hourly employees of Defendants.

8. Plaintiff seeks compensation for Defendants' violations of the MWO and the CWCA on her own behalf only.

## **PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Mireya Garcia was employed by Defendants from approximately July, 2016 through approximately May, 2018. Plaintiff Garcia's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

10. Defendant Elan Group, LLC is a registered Colorado limited liability company with a principal street address of 1475 E. 17th Avenue, Denver, CO 80218.

11. Defendant Kris Wallenta is an owner and manager of the Elan Group, LLC.

12. Defendant Jason Wallenta is an owner and manager of the Elan Group, LLC.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

14. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the MWO and the CWCA. 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

16. Plaintiff and those similarly situated worked as hourly employees in Defendants' Dos Santos restaurant in Denver, Colorado.

17. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, Defendants refused to pay their employees overtime wages for overtime hours worked.

18. For example, during the two-week pay period running from February 1, 2017 through February 15, 2017, Plaintiff Garcia worked 105.3 hours for Defendants. During the two-week pay period running from July 16, 2017 through July 31, 2017, Plaintiff Garcia worked 114.03 hours for Defendants. Defendants refused to pay Plaintiff Garcia overtime wages for overtime hours worked during these pay periods, and during all pay periods in which Plaintiff Garcia was employed by Defendants.

19. Defendants subjected all their hourly employees to the same policy and practice of avoidance of overtime premium wage payments.

20. During her interview, Jesús Gutiérrez, the kitchen manager, informed Ms.

Garcia that although her schedule would require her to work more than forty (40) hours per week, Dos Santos "does not pay overtime." Defendants' overtime wage violations were willful.

21. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

22. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

23. Defendant Kris Wallenta, at all material times, exercised operational control and/or financial control over the Elan Group, LLC enterprise and exercised control over the terms and conditions of employment of the Elan Group, LLC's employees. For example, Defendant Kris Wallenta hired and fired employees, made all important financial decisions regarding the enterprise with his brother, Defendant Jason Wallenta, controlled his employees' rates of pay, and participated in the decision to avoid paying overtime wages.

24. Defendant Jason Wallenta, at all material times, exercised operational control and/or financial control over the Elan Group, LLC enterprise and exercised control over the terms and conditions of employment of the Elan Group, LLC's employees. For example, Defendant Jason Wallenta hired and fired employees, made all important financial decisions regarding the enterprise with his brother, Defendant Kris Wallenta, controlled his employees' rates of pay, and participated in the decision to avoid paying overtime wages.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings her FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

All hourly employees who worked on or after October 3, 2015.

26. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

27. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

## FIRST CLAIM – Failure to Pay Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

28. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

29. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

30. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

31. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

32. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

33. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

34. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

35. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

36. Plaintiff and others are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the MWO, 7 CCR 1103-1

37. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

38. Defendant Elan Group LLC was Plaintiff's "employer" as that term is defined by the MWO because it employed Plaintiff in Colorado. 7 CCR 1103-1(2).

39. Plaintiff was Defendant Elan Group LLC's "employee" as that term is defined by the MWO because she performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor she would perform. 7 CCR 1103-1(2).

40. The Defendant Elan Group LLC engages in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the MWO. 7 CCR 1103-1(2)(A).

41. Defendant Elan Group LLC violated the MWO when it refused to pay Plaintiff

overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4).

42. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

43. Plaintiff is entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA, C.R.S. § 8-4-101 *et seq.*

44. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

45. Defendant Elan Group LLC was Plaintiff's "employer" as that term is defined by the CWCA because it employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

46. Plaintiff was Defendant Elan Group LLC's "employee" as that term is defined by the CWCA because she performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor she would perform. C.R.S. § 8-4-101(5).

47. Defendant Elan Group LLC violated the CWCA when it failed to pay Plaintiff all earned, vested and determinable wages upon her separation from employment. C.R.S. § 8-4-109.

48. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

49. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to her, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. She and the 216(b) Class be awarded unpaid overtime premiums;

   c. She and the 216(b) Class be awarded liquidated damages as required by law;

   d. She and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

   e. She and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. She and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

   a. She be awarded the unpaid balance of the full amount of wages due per C.R.S. § 8-6-118; 7 CCR 1103-1(18);

   b. She be awarded attorney fees and costs of suit per C.R.S. § 8-6-118; 7 CCR 1103-1(18);

   c. She be awarded pre-judgment and post-judgment interest as permitted by law;

   d. She be awarded such other and further relief as may be necessary and appropriate.

And, as to her THIRD CLAIM, that:

   a. She be awarded the unpaid balance of the full amount of wages due per C.R.S. § 8-4-109(1);

   b. She be awarded penalties per C.R.S. § 8-4-109(3);

   c. She be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

   d. She be awarded pre-judgment and post-judgment interest as permitted by law;

e. She be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

Eudoxie (Dunia) Dickey
Civil Rights & Employment Law Advocates, LLC
2300 Walnut St. #123
Denver, CO 80205
303.395.9150
civilrightsadvocatesllc@gmail.com

*Attorneys for Plaintiff*